**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

AXIS INSURANCE COMPANY,

        Plaintiff,

v.

TMG ORANGE AVENUE, LLC; ONE SOUTH ORANGE, LTD; SCOOP BAR & GRILL, LLC; TEAM MARKET GROUP, LLC; TEAM MARKET GROUP, LLC; KEYS TO THE CITY GLOBAL, INC.; JUSTIN INFURNA; KEITH MAWARDI; ROMI MAWARDI; JOHN COOLEY; and DARIUS M. WASHINGTON, SR. and TARCHELLE L. WASHINGTON, as co-personal representatives of the ESTATE OF JERRY SMITH, JR.,

        Defendants.

Case No. 6:14-cv-1520-Orl-37KRS

**ORDER**

This cause is before the Court for jurisdictional review. Plaintiff Axis Insurance Company initiated this insurance coverage action against three limited liability companies ("LLC Defendants"), a limited partnership ("South Orange"), a dissolved corporation, five individuals, and the co-personal representatives of the estate of a deceased person. (Doc. 1.) Plaintiff claims that this Court has jurisdiction over its state law claims based on diversity jurisdiction (*id.* ¶ 19); however, the Plaintiff provided insufficient factual allegations to support this claim.

This Court has an obligation to examine its own jurisdiction *sua sponte*. *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013) (noting district court's constitutional obligation to dismiss actions where sufficient jurisdictional allegations are absent from the

complaint, and "the plaintiff does not cure the deficiency"); *Mallory & Evans Contractors & Eng'rs, LLC v. Tuskegee Univ.*, 663 F.3d 1304, 1305 (11th Cir. 2011). To establish diversity jurisdiction, Plaintiff must allege that complete diversity exists and that the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. Plaintiff's Complaint satisfies the amount-in-controversy requirement, but it does not establish that complete diversity exists.

First, Plaintiff alleges that each of the individual Defendants "is a resident of the State of Florida." (Doc. 1, ¶¶ 12–18.) These allegations are insufficient because a complaint must set forth an individual's "*citizenship*, rather than *residence*, to properly invoke diversity jurisdiction." *Travaglio*, 735 F.3d at 1269 (emphasis added). "Citizenship is equivalent to 'domicile,'" which is the place of a party's "'true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom.'" *Dyer v. Wal-Mart Stores, Inc.*, 535 F. App'x 839, 841 n.2 (11th Cir. 2013) (quoting *McCormick v. Aderholt*, 293 F.3d 1254, 1257–58 (11th Cir. 2002)); *see Molinos Valle Del Cibao v. Lama*, 633 F.3d 1330, 1341–42 (11th Cir. 2011) ("Domicile is not synonymous with residence; one may temporarily reside in one location, yet retain domicile in a previous residence.").

Second, Plaintiff alleges that the LLC Defendants and South Orange are "organized and existing under the laws of the State of Florida."[1] (Doc. 1, ¶¶ 3, 5, 7, 9.) Plaintiff also identifies the managing members of the LLC Defendants and the "general partner" of South Orange. (*Id.* ¶¶ 4, 6, 8, 10.) These allegations also are insufficient

---

[1] Plaintiff alleges that Defendant Team Market Group, LLC ("TMG") is organized and existing under the laws of the State of Florida (Doc. 1, ¶ 7), and is a "Delaware limited liability company" (*id.* at 2.)

2

because an "unincorporated business association or entity, such as a . . . limited partnership or [LLC], is not a 'citizen' under 28 U.S.C. § 1332(a) in its own right." *Scuotto v. Lakeland Tours, LLC*, No. 3:13-cv-1393-J-34JRK, 2013 WL 6086046, at *1 (M.D. Fla. Nov. 19, 2013). Rather, the citizenship of such entities depends on the citizenship or domicile of their individual members or partners. *Id.* Plaintiff's failure to identify and allege the citizenship or domicile of each member of the LLC Defendants and of South Orange requires dismissal of Plaintiff's Complaint.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. The Complaint (Doc. 1) is **DISMISSED without prejudice**.
2. On or before October 17, 2014, Plaintiff is **DIRECTED** to file an Amended Complaint alleging a sufficient factual basis for this Court's exercise of subject-matter jurisdiction.
3. Failure to comply with this Order will result in dismissal of this action.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on September 22, 2014.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

Case 6:14-cv-01520-RBD-KRS   Document 15   Filed 09/23/14   Page 4 of 4 PageID 151