# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

AXIS SURPLUS INSURANCE
COMPANY,

                           **Petitioner,**

v.                                                    **Case No:   6:14-cv-1520-Orl-37KRS**

TMG ORANGE AVENUE, LLC, ONE
SOUTH ORANGE, LTD., SCOOP BAR &
GRILL, LLC, TEAM MARKET GROUP,
LLC, TEAM MARKET GROUP, LLC,
KEYS TO THE CITY GLOBAL, INC.,
JUSTIN INFURNA, KEITH MAWARDI,
ROMI MAWARDI, JOHN COOLEY,
SAMUEL DADE, DARIUS M.
WASHINGTON, SR. and TARCHELLE
L. WASHINGTON,

                           **Respondents.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

       This cause came on for consideration without oral argument on the following motions filed

herein:

| | |
|---|---|
| **MOTION:** | **PETITIONER, AXIS SURPLUS INSURANCE COMPANY'S, MOTION FOR DEFAULT ON RESPONDENT, KEYS TO THE CITY GLOBAL, INC. (Doc. No. 60)** |
| **FILED:** | **December 29, 2014** |

| | |
|---|---|
| **MOTION:** | **PETITIONER, AXIS SURPLUS INSURANCE COMPANY'S, MOTION FOR DEFAULT ON RESPONDENT, SAMUEL DADE (Doc. No. 61)** |
| **FILED:** | **December 29, 2014** |

| MOTION: | PETITIONER, AXIS SURPLUS INSURANCE COMPANY'S, MOTION FOR DEFAULT ON RESPONDENT, JOHN COOLEY (Doc. No. 62) |
|---|---|
| FILED: | December 29, 2014 |

## I.    BACKGROUND.

Plaintiff Axis Insurance Company initiated this case by filing a Petition for Declaratory Judgment ("Petition") to declare its rights and responsibilities under an insurance policy.   Doc. No. 1. It asserted diversity of citizenship as the basis of the Court's subject-matter jurisdiction.   Doc. No. 1-3 at 2.   The Court dismissed the Petition for lack of subject-matter jurisdiction because Axis Insurance Company did not adequately plead facts sufficient to establish that diversity jurisdiction exists.   Axis Insurance Company was given leave to file an amended complaint.   Doc. No. 15.

On October 10, 2014, Plaintiff Axis Surplus Insurance Company ("Axis Surplus") filed an Amended Petition for Declaratory Judgment ("Amended Petition").   Doc. No. 23. [1]   It supplemented its allegations regarding the citizenship of the parties.   In sum, its allegations are as follows:

Petitioner Axis Surplus is a citizen of Illinois;

Respondent TMG Orange Avenue, LLC is a citizen of Florida;

Respondent Romi Mawardi is a citizen of Florida;

Respondent Keith Mawardi is a citizen of Florida;

Respondent One South Orange, Ltd. is a citizen of Florida, Illinois and Louisiana;

---

[1] In the course of amending its petition, Axis Insurance Company discovered that Axis Surplus Insurance Company issued the insurance policy at issue.   Doc. No. 18 ¶ 3.   Axis Insurance Company requested and was granted leave for Axis Surplus Insurance Company to be the named plaintiff in the Amended Petition.   Doc. Nos. 18, 22.

Respondent Scoop Bar & Grill, LLC is a citizen of Florida;

Respondent Team Market Group, LLC is a citizen of Florida;

Respondent Keys to the City Global, Inc. is a citizen of Florida;

Respondent Justin Infurna is a citizen of Florida;

Respondent John Cooley is a citizen of Florida;

Respondent Samuel Dade is a citizen of Florida;

Respondent Darius M. Washington, Sr. is a citizen of Florida; and,

Respondent Tarchelle L. Washington is a citizen of Florida.[2]

*Id.* at 2-4.   The limits of the insurance policy at issue exceed $75,000.   Doc. No. 23-2 at 1.

Axis Surplus filed returns of service of process as to each Respondent except Respondents Darius and Tarchelle Washington.   Doc. Nos. 41-52.   Respondents Keys to the City Global, Inc., Samuel Dade and John Cooley did not appear or respond to the Amended Petition.   Axis Surplus seeks entry of defaults against each of these Respondents.

## II.    ANALYSIS.

A federal court is obligated to inquire into subject-matter jurisdiction *sua sponte* whenever it may be lacking.   *Bochese v. Town of Ponce Inlet*, 405 F. 3d 964, 975 (11th Cir. 2005).   A court

---

[2] Axis Surplus alleges that Respondents Darius and Tarchelle Washington, as co-personal representatives of the Estate of Jerry Smith, Jr., are domiciled in Florida.   Doc. No. 23 ¶¶ 21-22.   Section 1332(c)(2) provides that "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent . . . ."   It appears from the allegations in the complaint in a state court action filed by the Estate of Jerry Smith, Jr., a copy of which is attached to the Amended Petition, that Jerry Smith, Jr. resided in Florida.   Doc. No. 23-1 ¶ 2.   Based on this allegation, Jerry Smith, Jr. was presumptively domiciled in Florida.   *See McDonald v. Equitable Life Ins. Co. of Iowa*, 13 F. Supp. 2d 1279, 1281 (M.D. Ala. 1998).   Therefore, it appears that Axis Surplus's allegation that Respondents Darius and Tarchelle Washington, in their capacities as personal representatives of the Estate of Jerry Smith, Jr., are citizens of Florida is correct.

must dismiss a complaint if it concludes that subject-matter jurisdiction is lacking.   Fed. R. Civ. P. 12(h)(3).

Federal courts have diversity jurisdiction over all civil actions in which the amount in controversy exceeds $75,000 and the action is between citizens of different States.   28 U.S.C. § 1332(a)(1).   Accepting as true Axis Surplus's allegations of the citizenship of the parties, there is not complete diversity of citizenship in this case.   Petitioner Axis Surplus is a citizen of Illinois because it is a corporation incorporated in Illinois with its principal place of business in Illinois. Doc. No. 23 ¶ 2; 28 U.S.C. § 1331(c)(1) (a corporation's citizenship is determined by the state in which it is incorporated and the state in which it has its principal place of business).   Respondent One South Orange, Ltd. is also a citizen of Illinois because its general partner, Markay Management, Inc., has its principal place of business in Illinois.   Doc. No. 23 ¶ 9; *see Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990) (the citizenship of a limited partnership is determined by the citizenship of each of its general and limited partners).

Because there is not complete diversity of citizenship between the parties, I recommend that the Court find that it lacks subject-matter jurisdiction in this case.

## III.    RECOMMENDATION.

For the reasons stated above, I **RESPECTFULLY RECOMMEND** that the Court **DISMISS** the Amended Petition (Doc. No. 23) for lack of subject-matter jurisdiction and **DIRECT** the Clerk of Court to terminate the pending motions. (Doc. Nos. 60-62).

Failure to file written objections to the proposed findings and recommendations contained

in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 6, 2015.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE