**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

AXIS INSURANCE COMPANY,

      Plaintiff,

v.                                        Case No. 6:14-cv-1520-Orl-37KRS

TMG ORANGE AVENUE, LLC; ONE
SOUTH ORANGE, LTD; SCOOP BAR
& GRILL, LLC; TEAM MARKET
GROUP, LLC; TEAM MARKET
GROUP, LLC; KEYS TO THE CITY
GLOBAL, INC.; JUSTIN INFURNA;
KEITH MAWARDI; ROMI MAWARDI;
JOHN COOLEY; and DARIUS M.
WASHINGTON, SR. and TARCHELLE
L. WASHINGTON, as co-personal
representatives of the ESTATE OF
JERRY SMITH, JR.,

      Defendants.

---

**ORDER**

This cause is before the Court on the following:

(1)    Petitioner, Axis Surplus Insurance Company's, Motion for Default on Respondent, Key to the City Global, Inc. (Doc. 60), filed December 29, 2014;

(2)    Petitioner, Axis Surplus Insurance Company's, Motion for Default on Respondent, Samuel Dade (Doc. 61), filed December 29, 2014;

(3)    Petitioner, Axis Surplus Insurance Company's, Motion for Default on Respondent, John Cooley (Doc. 62), filed December 29, 2014;

(4)    Report and Recommendation of United States Magistrate Judge Karla R. Spaulding (Doc. 63), filed January 6, 2015; and

(5)     Petitioner, Axis Surplus Insurance Company's, Motion for Leave to Amend Amended Petition by Interlineation and Objection to Report and Recommendation of United States Magistrate Judge (Doc. 64), filed January 6, 2014.

In this insurance coverage action, Illinois citizen Axis Insurance Company ("Plaintiff") seeks declaratory relief against a dozen Defendants—four are limited liability companies ("LLC Defendants"), one is a limited partnership ("South Orange"), another one is a dissolved corporation ("Keys"), five are individuals, and two are the co-personal representatives of the estate of Jerry Smith, Jr. ("Estate Defendants"). (Docs. 1, 23.) Because the Plaintiff's initial factual allegations were insufficient to support Plaintiff's contention that this Court has subject matter jurisdiction over the action based on diversity jurisdiction (*see* Doc. 1), the Court ordered Plaintiff to file an Amended Complaint. (Doc. 15.) Plaintiff filed its Amended Complaint on October 10, 2014, alleging that all of the Defendants are citizens of Florida, except the LLC Defendants (who are also citizens of Delaware), and South Orange (who is also a citizen of Delaware and Illinois). (*See* Doc. 23, ¶¶ 3–22.) South Orange's Illinois citizenship is based on Plaintiff's allegation in Paragraph 9 that the "sole general partner" of South Orange—Markay Management, Inc. ("Markay")—has its "principal place of business in the State of Illinois." (*Id.* ¶ 9.)

Seven Defendants filed Answers to the Amended Complaint—South Orange,[1] TMG Orange Avenue, LLC ("TMG"), Team Market Group, LLC ("Team Florida"), Team

---

[1] In its Answer, South Orange admitted the allegation that its principal place of business is in Illinois. (Doc. 56, ¶ 9.)

Market Group, LLC ("Team Delaware"), Keith and Romi Mawardi, and Justin Infurna. (Docs. 39, 53, 54, 56, 57.) The remaining Defendants failed to respond to the Amended Complaint,[2] and Plaintiff moved for entry of default against Keys (Doc. 60), Samuel Dade (Doc. 61), and John Cooley (Doc. 62).

The Court referred the Motions for Default to U.S. Magistrate Judge Karla R. Spaulding, who issued a Report and Recommendation on January 6, 2015 ("Report"). (Doc. 63.) In her Report, Judge Spaulding recommends that the Court dismiss the action based on the absence of complete diversity because Plaintiff and South Orange are both Illinois citizens. (*Id.* at 4.)

In its immediate response to the Report, Plaintiff requests that the Court reject the Report and grant Plaintiff leave to amend Paragraph 9 of the Amended Complaint by interlineation to allege that Markay's principal place of business is in Florida—not Illinois. (*Id.* ¶¶ 3–7.) Plaintiff contends that its contrary allegation in Paragraph 9 is a "scrivener's error" (*see id.* ¶¶ 3, 5), and South Orange's admission of Paragraph 9 "was due to oversight and harmless error." (*See id.* ¶ 7.) Plaintiff argues that the Court should not dismiss its action based on the "harmless mistakes" of the parties' attorneys; rather, the Court should allow the matter to proceed to resolution on its merits. (*Id.* ¶ 13.)

The Court agrees with Judge Spaulding's analysis and recommendation; however, the Court also agrees with Plaintiff that this action should not be resolved against Plaintiff due to the oversight of the parties' attorneys. Thus, the Court will adopt the Report, dismiss the Amended Complaint, but will grant Plaintiff leave to amend its

---

[2] Plaintiff has not filed proof of service for the Estate Defendants, but it has filed such proof for the remaining Defendants. (Docs. 41–52.)

Amended Complaint.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1.    The Report and Recommendation of United States Magistrate Judge Karla R. Spaulding (Doc. 63) is **ADOPTED AND CONFIRMED**.

2.    The Amended Complaint (Doc. 23) is **DISMISSED WITHOUT PREJUDICE**.

3.    On or before **January 30, 2014**, Plaintiff is **DIRECTED** to file a Second Amended Complaint alleging a sufficient factual basis for this Court's exercise of subject-matter jurisdiction.

4.    Plaintiff's Motions for Default (Docs. 60, 61, 62) are **DENIED AS MOOT WITH LEAVE TO REASSERT**.

5.    Failure to comply with this Order will result in dismissal of this action.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on January 13, 2015.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record